# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| Alison Valente on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| International Follies, Inc. d/b/a The Cheetah and William Hagood, | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATING THE FAIR LABOR STANDARDS ACT

**COMES NOW** Alison Valente (hereinafter "Named Plaintiff"), on behalf of herself and all others similarly situated, and brings this collective action against International Follies, Inc., doing business as the "Cheetah" ("The Cheetah") and Mr. William Hagood (hereinafter "Defendants") respectfully showing the Court as follows:

## INTRODUCTION

1.

Defendants operate a strip club in Fulton County commonly known as The Cheetah that failed to pay Named Plaintiff and all others similarly situated the minimum wage and substantial overtime for hours worked. Moreover, Defendants required that Named Plaintiff and all other similarly situated pay unlawful "kickbacks" to them. Defendant's failure to pay the minimum wage and overtime wages to Named Plaintiff and all others similarly situated violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA") because the Named Plaintiff and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

1

2.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit. Upon information and belief there are more than 100 potential plaintiffs. More precise information on class size will be obtained during discovery.

3.

Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

4.

Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

5.

As a result of Defendants violation of the FLSA, Named Plaintiff and all others similarly situated seek minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

## PARTIES AND SERVICE

6.

Named Plaintiff is a former employee of Defendants. Named Plaintiff has been employed by Defendants since approximately February 1999 but has not been working for them since February 26, 2015. Named Plaintiff is a resident within the Northern District of Georgia.

7.

Defendant International Follies, Inc. is a Georgia for profit Corporation with its principal place of business located at 887 Spring St NW Atlanta, GA 30308. On information and belief Defendant International Follies, Inc. is the legal owner of The Cheetah club. Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. William Hagood located at 887 Spring St NW Atlanta, GA 30308.

8.

Defendant William Hagood is a natural person that exercises complete control over all the operations and procedures at the establishment known as The Cheetah located at 887 Spring St NW Atlanta, GA 30308. On information and belief Defendant Hagood is the beneficial owner of The Cheetah and is a resident within the Northern District of Georgia. Defendant Hagood may be served with a copy of the summons and complaint at the following address: 887 Spring St NW, Atlanta, GA 30308.

9.

This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

10.

Venue is proper in the Northern District of Georgia, under 28 U.S.C. §1391(b), since Defendant is a citizen in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district at the address commonly known as 887 Spring St NW, Atlanta, GA 30308 located within the Northern District

**FACTUAL ALLEGATIONS**

11.

Named Plaintiff, on behalf of herself and other similarly situated current and  former employees, brings this Collective Action against Defendants under  the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure  to pay minimum wage and overtime compensation.

12.

At all times for the three years prior to the filing of the Complaint in  this matter, Defendants have employed female entertainers at The Cheetah.

13.

At all times for the three years prior to the filing of the instant  complaint, Defendants have improperly categorized all entertainers working  at The Cheetah as "independent contractors".

14.

At all times for the three years prior to the filing of the instant  complaint, Defendants have not required entertainers to have any specialized  training or experience or a high degree of skill.  Defendants have, however:  established specific  work schedules for entertainers; required entertainers to dance at specified  times and in a specified manner on stage and for customers; regulated  entertainers' attire and interactions with customers; set the price entertainers were allowed to charge for dances;  regulated dancers comings and goings to the club;  required that entertainers pass a "breathalyzer test" before they were allowed to leave the premises if they drove to The Cheetah; handled all disputes that arose in The Cheetah, including those regarding payment (between and among employees and with customers) or entertainment services; required entertainers to attend meetings  at Defendants' business; financed all advertising and marketing efforts  undertaken on behalf of  The Cheetah; made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory;  and made all hiring

decisions regarding waitstaff, security, entertainer, managerial and all other employees at The Cheetah.

15.

Defendants have established a variety of written guidelines and policies which govern entertainers conduct at The Cheetah.

16.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiff and all others similarly situated, to pay a specific percentage of their gratuities, often referred to as a "tip outs," to the disc jockeys, house mothers, "floormen" (security employees), in order to work on any given shift.

17.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiff and all others similarly situated, to pay a late fee if an entertainer arrived at the club late for their shift.

18.

The specific amount entertainers, including Named Plaintiff and all others similarly situated, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

19.

The required tip out the Named Plaintiff has paid generally has been at least $100 per shift.

20.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of The Cheetah's rules, they are charged additional fees or fines that are set

by Defendants.

21.

Named Plaintiff and others similarly situated have been subject to a variety of these fees and fines.

22.

The fees described in ¶¶ 16-21 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

23.

Named Plaintiff worked over forty hours in some weeks she worked for Defendants.

24.

Named Plaintiff and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

25.

Defendants have never paid Named Plaintiff and all others similarly situated any amount as wages whatsoever.

26.

Instead, the only source of work related income received by Named Plaintiff and all other similarly situated persons were gratuities they received from customers.

27.

Because Defendants did not pay Named Plaintiff and all other similarly situated any wages whatsoever, Defendants did not pay Named Plaintiff and all other similarly situated one-and-a-half times their regular rate of pay when Named Plaintiff and others similarly situated worked over forty hours in a given workweek.

6

28.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

29.

Named Plaintiff and all others similarly situated were not subject to any exemption under the FLSA.

30.

Named Plaintiff is not subject to any arbitration policy with Defendants.

31.

At no time before this lawsuit did Named Plaintiff agree to arbitrate any legal claims against Defendants.

32.

On information and belief Defendants failed to maintain records of the number of hours worked by Named Plaintiff and others similarly situated.

33.

Upon information and belief, on July 9, 2015, Defendants handed out an "Arbitration Policy" to certain entertainers that currently work for Defendants and were present in The Cheetah. See "Entertainer Arbitration Agreement, attached as Exhibit A (the "Arbitration Agreement").

34.

Upon information and belief, Defendants told entertainers that if they did not or do not execute the Arbitration Agreement, their employment would immediately be terminated.

35.

As a result of the unequal bargaining power, unfair surprise, lack of notice, unequal bargaining power, and substantive unfairness of these circumstances, to the extent any entertainers executed or do execute the Arbitration Agreement, such Arbitration Agreement represents an adhesion contract between the parties.

36.

Defendants, with full knowledge that they have violated and continue to violate federal wage laws under the Fair Labors Standards Act, 29 U.S.C. §§ 206-207, conditioned the entertainers continued employment on their signing the Arbitration Agreement, thereby forcing the entertainers under duress to relinquish an existing right to sue in return for continued employment, which is an illegal action. *See* Exhibit A.

### COUNT I
### DECLARATORY JUDGMENT THAT ENTERTAINERS ARE EMPLOYEES

37.

Named Plaintiff repeats and realleges the allegations in the Paragraphs 1 to 36 of this Complaint, and hereby incorporates the same herein by this specific reference as though set forth herein in full.

38.

Defendants exercised a significant amount of control over the Plaintiffs.

39.

The Plaintiffs and Defendants did not share equally in the opportunities for profit and loss, and the risk of loss is much greater for Defendants.

40.

Defendants invested far more than the Plaintiffs on necessary personnel and

equipment.

41.

Entertainers are not required by Defendants to have a high degree of skill or experience.

42.

The Plaintiffs' services were an integral part of Defendants' business. The Defendants' business, The Cheetah, is an adult entertainment club and so it needs adult entertainers.

43.

The Named Plaintiff and many others similarly situated, worked for Defendants for an extended period of time.

44.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U .S .C. § 2201 et seq.

45.

An actual controversy exists between the parties in this case in regard to the employment status of the Named Plaintiff and all others similarly situated.

46.

Named Plaintiff and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit: Named Plaintiff and all others similarly situated are or were the employees of Defendants.

**COUNT II**
**OVERTIME CLAIMS (Violation of 29 U.S.C. § 207)**

47.

Named Plaintiff repeats and realleges the allegations in the Paragraphs 1 to 46 of this Complaint, and hereby incorporates the same herein by this specific reference as though set forth herein in full.

48.

Defendants are the "employer" and employ Named Plaintiff and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

49.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

50.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

51.

Named Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by each Named Plaintiff is attached hereto. See, Declaration of Alison Valente, attached hereto as Exhibit B.

52.

Defendants misclassified Named Plaintiff and all others similarly situated as an independent contractor.

53.

Defendants failed to pay Named Plaintiff and all others similarly situated wages

at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

54.

Defendants knowingly, intentionally and willfully violated the FLSA.

55.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

56.

Due to Defendants' FLSA violations, Named Plaintiff and all others similarly situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT III
## MINIMUM WAGE CLAIM (Claims for Violation of 29 U.S.C. § 206)

57.

Named Plaintiff repeats and realleges the allegations in the Paragraphs 1 to 56 of this Complaint, and hereby incorporates the same herein by this specific reference as though set forth herein in full.

58.

Defendants are an "employer" and employ Named Plaintiff and all others similarly situated as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

59.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

60.

Defendant operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

61.

Named Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b).

62.

A consent to sue executed by the Named Plaintiff is attached hereto and incorporated herein as Exhibit B.

63.

Defendants misclassified Named Plaintiff and all others similarly situated as an independent contractor.

64.

Defendants failed to pay Named Plaintiff and all others similarly situated the minimum wage in violation of 29 U.S.C. § 206.

65.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Named Plaintiff and all others similarly situated the minimum wage under the FLSA.

66.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable

grounds for believing that their conduct did not violate the FLSA.

67.

Due to Defendants' FLSA violations, Named Plaintiff and all others similarly situated are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

68.

Named Plaintiff, on behalf of herself and all others similarly situated individuals, demand a trial on all their claims so triable.

**WHEREFORE**, Named Plaintiff respectfully prays that this Court grant relief as follows:

a.   As to Count I issue a declaratory judgment that (i) Named Plaintiff and all others similarly situated are employees and Defendants are their joint employer and (ii) the practices complained of herein are unlawful under the FLSA;

b.   As to Count II award Named Plaintiff and all others similarly situated judgment for lost overtime compensation calculated at one and one-half times the regular rate that Named Plaintiff would have received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c.   As to Count III award Named Plaintiff and all others similarly situated

13

judgment for wages at the minimum rate, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d.      Award Named Plaintiff and all others similarly situated costs of this action, including expert fees;

e.      Grant Named Plaintiff and all others similarly situated a trial on all issues so triable;

f.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

g.      Award Named Plaintiff and all others similarly situated such other and further relief as the Court may deem just and proper.

DATED:  July 10, 2015.

/s/ James F. McDonough, III.
JAMES F. MCDONOUGH, III.
GA Bar No.:  117088
   jmcdonough@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Tel: 404-996-0869
Fax: 205-326-3332

W. LEWIS GARRISON, JR.,
GA Bar No.: 286815
   lewis@hgdlawfirm.com
CHRISTOPHER HOOD,
  *PHV forthcoming*
  chood@hgdlawfirm.com
TAYLOR C. BARTLETT,
  *PHV forthcoming*
  taylor@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Tel: 205-326-3336
Fax: 205-326-3332

*Attorney for Named Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing has been prepared using Times New Roman 14 point font.

This  10th day of July.

/s/ James F. McDonough, III.
JAMES F. MCDONOUGH, III.
GA Bar No.:  117088
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Tel: 404-996-0869
Fax: 205-326-3332

Attorney for Named Plaintiffs