IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Alison Valente, Jennifer Barlow, Kathryn Monroe, Sophia Smith, Stephanie Lebeau on Behalf of themselves and all others Similiarly Situated,<br><br>     **Plaintiffs,**<br><br>  **v.**<br><br>International Follies, Inc. d/b/a the Cheetah and William Hagood,<br><br>     **Defendants.** | CIVIL ACTION NO.<br>1:15-cv-02477-ELR |

**DEFENDANT INTERNATIONAL FOLLIES, INC. d/b/a THE CHEETAH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS, OR ALTERNATIVELY, TO EXCLUDE WITNESSES**

Defendant International Follies, Inc., d/b/a The Cheetah ("The Cheetah" or "Defendant") submits the following Response in opposition to Plaintiffs' Motion to Compel Depositions With Costs Paid, or Alternatively, to Exclude Witnesses (and Underlying Declarations) from Being Presented at Trial (Dkt. No. 70) (the "Motion").

## I.     INTRODUCTION

In their Motion to Compel, Plaintiffs seek to move the Court to compel the depositions of (1) John "Jack" Braglia ("Braglia"); (2) Holly Wood, Heather

Wood, and Samantha Kim ("Kim"); and (3) Cheetah entertainers Taria Netherton, Dionndra Palmer, and Lorrin Washington.  Plaintiffs also request that costs and fees be paid by The Cheetah for the compelled depositions and for fees incurred as a result of what Plaintiffs erroneously characterize as The Cheetah's noncompliance with their deposition notices.  In the alternative, Plaintiffs seek an order from the Court excluding the use of the declarations submitted with The Cheetah's Motion to Compel Arbitration (Dkt. No. 21) or each of the witnesses who provided declarations from testifying at the July 19, 2016 trial regarding the issue of the enforceability of The Cheetah's Arbitration Policy.

The Court should deny Plaintiffs' Motion in its entirety because Plaintiffs failed to follow the Federal Rules of Civil Procedure and failed to subpoena non-party witnesses to attend the depositions.  Federal Rule of Civil Procedure 45 is clear: non-parties must be subpoenaed to compel their attendance at a deposition.  However, instead of complying with this Rule, Plaintiffs unilaterally noticed the depositions of Braglia, Heather Wood, Holly Wood, Kim and three entertainers without subpoenaing the attendance of these non-parties.

At no time prior to the February 18, 2016 hearing, during the hearing, or after the hearing did Defendant's Counsel represent to Plaintiffs' Counsel or to the Court that they represented the individuals Plaintiffs sought to depose.  Moreover,

2

the Court's Order regarding discovery was limited to the discrete issues identified during the hearing.  The Court did not order Defendant, or its counsel, to produce witnesses for depositions without a subpoena either during the hearing, or in the Court's subsequent Order.  Had Plaintiffs' counsel followed the Federal Rules of Civil Procedure and subpoenaed the attendance of the non-party witnesses they sought to depose, and done so sooner than seventy-five days into the ninety-day discovery period, the depositions would have occurred.

The Court should not require The Cheetah to pay the costs of Plaintiffs' counsel's failure to follow the Federal Rules and subpoena their desired non-party witnesses, nor should the Court punish The Cheetah for Plaintiffs' counsel's failure to follow the Federal Rules by excluding witnesses' testimony or declarations at the trial on the Arbitration Policy.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Alison Valente ("Valente") filed this lawsuit on July 10, 2015 alleging that Defendant failed to pay her and others similarly situated minimum wage and overtime in violation of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 207 *et seq*.  (Dkt. No. 1.)  Valente was an exotic dancer or entertainer at The Cheetah. The Cheetah is an adult entertainment club located in Fulton County, GA.  (Doc. 4) Other Cheetah entertainers Jennifer Barlow ("Barlow"), Kathryn "Katie" Monroe

("Monroe"), Sophia Smith ("Smith"), and Stephanie LeBeau ("LeBeau") joined Valente (collectively "Plaintiffs") in this suit when Plaintiffs filed their First Amended Complaint for violations of the FLSA on July 17, 2015.  (Dkt. No. 4.)

On July 31, 2015, The Cheetah filed its Motion for an Order (1) Compelling Arbitration on an Individual Basis, (2) Staying or Dismissing Action, and (3) Staying Discovery until this Motion is Ruled Upon (the "Motion to Compel Arbitration").  (Dkt. No. 21.)  On January 6, 2016, the Court ordered the parties to proceed to trial on the limited issue of the enforceability of The Cheetah's Arbitration Policy.  (Dkt. No. 57.)

On February 18, 2016, the Court held a telephonic hearing to discuss whether pre-trial discovery on the limited issue of arbitration was appropriate. (Dkt. No. 62.)  During the hearing, Plaintiffs requested up to a seven-hour total deposition period.  Plaintiffs' counsel represented that they did not seek to depose all of the individuals who had submitted declarations, but rather, they believed they would seek to depose three managers –Braglia, Kim, and Holly Wood, and five entertainers.  Plaintiffs' counsel did not state during the hearing which specific entertainers they would seek to depose from those who submitted declarations. Following the hearing, the Court issued an Order allowing a ninety-day period of

discrete and limited discovery, as outlined by counsel in their arguments to the Court during the hearing.  (Dkt. No. 63.)

The Cheetah cooperated with Plaintiffs during the discovery period, which commenced on February 18, 2016 and ran until May 19, 2016.  Defendant promptly served discovery requests to Plaintiffs on February 25, 2016, actively engaging in the discovery process the Court ordered.  Despite the fact that Plaintiffs were the ones who requested discovery, Plaintiffs waited an additional month, until March 18, 2016, to serve their own discovery requests.  Defendant subsequently timely responded to Plaintiffs' discovery requests on April 12, 2016. Plaintiffs then waited almost an additional month, until May 4, 2016, to unilaterally notice the depositions of the non-party witnesses for May 16, 2016, three days prior to the close of the discovery period.  (Dkt. No. 69.)  Defendant did not seek to depose any witnesses during the discovery period.

As a professional courtesy, Defendant's counsel contacted Plaintiffs' counsel on May 13, 2016 to notify him that given that Plaintiffs had not subpoenaed the attendance of any of the non-parties they sought to depose, the individuals would not be attending the depositions.

### III.   **ARGUMENT AND CITATION OF AUTHORITY**

As a preliminary matter, Defendant has reached out to Plaintiffs' counsel in good faith and has agreed to make Braglia available for a deposition pursuant to Plaintiffs' argument that the court could ultimately determine he is a managing agent of The Cheetah.  Plaintiffs correctly cite to Federal Rule of Civil Procedure 37(d)(1)(A)(i), which provides that notice is sufficient to compel a party or a party's officer, director, or managing agent to appear for a deposition.  Fed. R. Civ. P. 37(d)(1)(A)(i).[1]  While The Cheetah does not concede Braglia is such a managing agent, given that such a determination is a highly fact-specific inquiry, as outlined below, it has agreed to make Braglia available for a deposition.

As Plaintiffs' counsel admits, "ordinarily, non-parties must be subpoenaed pursuant to Fed. R. Civ. P. Rule 45 to compel their attendance regarding a deposition."  (Dkt. No. 70-1, p. 9 of 18.)  Pursuant to Rule 30, a "deponent's attendance may be compelled by subpoena under Rule 45."  Fed. R. Civ. P.

---

[1] The Rule further provides that upon failure of such person to appear following proper notice, a Court may order sanctions.  Fed. R. Civ. P. 37(d)(1)(A)(i).  Given that The Cheetah has agreed to make Braglia available for the deposition and provided Plaintiffs' counsel sufficient time to cancel the court reporter and videographer, sanctions for such costs are inappropriate in this case.  Moreover, sanctions for the costs of Plaintiffs' preparation for the deposition are likewise inappropriate given that the deposition will be occurring and such costs would have been incurred regardless of when the deposition occurred.  Defendant's counsel does not concede that Braglia is a managing agent of The Cheetah, or that any sanctions are appropriate, but has agreed to make Braglia available in good faith.

6

30(a)(1).  Rule 30 further provides that a party who attends a deposition can recover reasonable expenses, including attorneys' fees, for attending if the *noticing party failed to serve a subpoena on a nonparty deponent*, who consequently did not attend.  Fed. R. Civ. P. 30(g)(2).  Thus, had Defendant's counsel appeared for the depositions, instead of extending Plaintiffs' counsel the courtesy of notifying them in advance, pursuant to the rules, *Defendant's counsel* could have sought expenses and attorneys' fees for Plaintiffs' counsel's failure to subpoena the nonparty deponents.

Additionally, Plaintiffs' Motion is riddled with inaccuracies and misrepresentations.  Plaintiffs state that "The Cheetah responded to [Plaintiffs'] Interrogatory Nos. 1-3 by identifying John "Jack" Braglia, Holly Wood, and Samantha Kim as persons with knowledge *and agents* of The Cheetah."  (Dkt. No. 70-1, p. 5 of 18.)  Defendant's responses to Plaintiffs' Interrogatories speak for themselves and are attached as Exhibit B to Plaintiffs' Motion.  (Dkt No. 70-3.)  At no point in any of Defendant's responses to Interrogatories 1-3, however, did Defendant refer to any of these individuals as an agent or a managing agent of The Cheetah.

Remarkably, Plaintiffs state in their Motion that "[a]t no time did Defendant indicate that [the individuals they sought to depose] were third parties."  (Dkt. No.

7

70-1, p. 5 of 18.)  The fact that none of the individuals Plaintiffs sought to depose are parties to the instant action is readily identifiable by looking at the caption to the Amended Complaint that *Plaintiffs' counsel drafted*.  The Plaintiffs brought this suit against The Cheetah and William Hagood.  None of the other individuals Plaintiffs sought to depose are parties to this action; thus, they are third parties.

Furthermore, Plaintiffs disingenuously state in their Motion: "at all times Defendant acted as counsel for the Deponents in opposing the depositions at the Hearing."  (Id.)  This is patently untrue.  Defendant's counsel does not represent in this matter any of the individuals Plaintiffs' counsel sought to depose and has not represented otherwise to Plaintiffs' counsel or the Court at any time.[2]  To the extent Plaintiffs' counsel argues that Defendant's counsel represents any individual, including people who are not even parties to this lawsuit, from whom they obtain a declaration, this is simply not the case.

During the hearing, Defendant's counsel spoke only on behalf of their client, the named entity The Cheetah, in opposing Plaintiffs' requests for discovery.  Nor could Defendant's counsel have acted as counsel for all of the deponents given that at the hearing Plaintiffs' counsel did not even specifically identify everyone it later

---

[2] To the extent Plaintiffs include e-mails regarding William Hagood in support of their Motion, such exhibits are entirely irrelevant given that Plaintiffs did not even seek to depose Mr. Hagood.

sought to depose.[3]  Defendant's counsel likewise did not agree to abrogate the Federal Rules of Civil Procedure and make the individuals Plaintiffs sought to depose available without a subpoena.  Indeed, this issue never came up at the hearing and at no point did the Court order Defendant to make any individuals available without a subpoena.

During the hearing, Plaintiffs' counsel merely requested a seven-hour deposition period and stated he thought he would seek to depose three managers and five entertainers during that time.  The Court's ruling stated that discovery would be discrete and limited as outlined by counsel in their arguments to the Court during the hearing.  The Court's order permitted the discovery and the seven-hour deposition period, and it was Plaintiffs' counsel's obligation to subpoena the non-party witnesses it sought to depose.  Had Plaintiffs' counsel followed the proper rules of civil procedure and subpoenaed the non-party

---

[3] Plaintiffs' counsel acknowledges that at the hearing he mentioned he desired to depose Braglia, Holly Wood, and Kim, and up to five entertainers.  (Dkt. No. 70-1, p. 5 of 18.)  Plaintiffs later sought to depose Heather Wood, who was not mentioned at the hearing, and entertainers Taria Netherton, Dionndra Palmer, and Lorrin Washington, none of whom Plaintiffs' counsel mentioned by name at the hearing.  Defendant also notes that to the extent Plaintiffs represented to the Court, as they acknowledge, that they only sought to depose Braglia, Holly Wood, and Kim, and up to five *entertainers*, their attempt to now depose Heather Wood, an additional manager, is outside of the scope of the discovery specifically allowed by the Court.  Moreover, Defendant *has not submitted any declaration from Heather Wood*, and Plaintiffs represented during the hearing that the scope of their desired depositions was to obtain information from individuals who had submitted declarations in this matter.

individuals it sought to depose, the instant Motion would not have been necessary. Defendant's counsel had no obligation to instruct opposing counsel on the subpoena requirements of the Federal Rules of Civil Procedure. Following the Court's Order allowing discovery, Defendant and its counsel complied with the Court's decision and actively participated in and cooperated with Plaintiffs' counsel during the discovery period in good faith.

> A.   **Holly Wood, Heather Wood, and Samantha Kim are Not Managing Agents of The Cheetah and Plaintiffs Were Required to Subpoena Their Attendance as Non-Parties.**

The method in which a non-party is compelled to attend a deposition depends on the Federal Rules of Civil Procedure.  As discussed above, ordinarily a non-party's attendance at a deposition must be compelled by a subpoena.  In the special case of a party or a party's officer, director, or managing agent, however, notice is sufficient to compel attendance at a deposition.  Federal Rule of Civil Procedure 37(d)(1)(A)(i).

Holly Wood, Heather Wood, and Kim are not officers, directors, or managing agents of The Cheetah within the meaning of the Federal Rules.  The 1970 Amendment to Rule 30 Notes of the Advisory Committee on Rules acknowledged, in the context of a 30(b)(6) corporate deposition, that there are difficulties "encountered in determining, prior to the taking of a deposition,

whether a particular employee or agent is a 'managing agent.'"  Fed. R. Civ. P. 30 advisory committee's notes to 1970 amendment; see also R. & J. Dick Co. v. Bass, 295 F. Supp. 758, 764 (N.D. Ga. 1968) ("[t]he question of what constitutes a managing agent has given the courts considerable difficulty.").  As such, Plaintiffs' counsel should have subpoenaed these individuals to ensure their attendance at the deposition.  Failing that, Plaintiffs' counsel should have conferred with Defendant's counsel regarding their attendance.

The fact that an individual is a lower-level manager or supervisor does not render that individual a managing agent of an entity.  In arguing that these individuals are managing agents, Plaintiffs' counsel does not cite to any Eleventh Circuit authority or any Northern District of Georgia case law.  Indeed, in R. & J. Dick Co., where the defendant initially included in its answer that the deponent was the chief executive officer of the corporation but subsequently sought to amend to withdraw the admission, the Northern District of Georgia found that "whether the proposed deponent is a managing agent should be determined on the basis of facts presented, not on the basis of mere labels."  Id.  The Court denied the plaintiff's motion to take the deponent's deposition on notice, but with the proviso that the plaintiff would have the opportunity to show that the deponent's "actions, transactions, contracts, sales and negotiations on behalf of the corporation

do make him in fact its managing agent. Upon such a showing, the deposition will be permitted." Id.

The Middle District of Georgia has likewise taken a restrictive approach in considering who falls within the definition of a managing agent.  In Frank S. Sinkwich, Inc. v. Texaco Ref. & Mktg., Inc., 120 F.R.D. 540, 540 (M.D. Ga. 1988), the court found that the individual who "made the management decision that resulted in [the] lawsuit" and who was still in a management position, was properly viewed as a "managing agent," in the context of Federal Rule of Civil Procedure 32.  The importance of such a restrictive approach is outlined in Frank S. Sinkwich, Inc. where the court acknowledged that in being a managing agent, the deponent was "thus viewed as a party and could be deposed by the plaintiff by notice specifying the place of taking [the deposition]."  Id.

In discussing a managing agent in the context of Rule 26, the Southern District of Georgia stated: "A managing agent, as distinguished from one who is merely 'an employee' is a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act 'in an inferior capacity' under close supervision or direction of 'superior authority.'"  Stell v. Savannah-Chatham Cty. Bd. of Ed., 255 F. Supp. 88, 93 (S.D. Ga. 1966) (citation omitted).  The court went on to state that "For one to be a

'managing agent' within the meaning of Rule 26, the interest of the corporation should be so close to his own and to his heart that he could be depended upon in all events to carry out his employer's directions." Id.

Plaintiffs cite to Southern District of Florida case law in their Motion. The Southern District of Florida has held that "A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." Karakis v. Foreva Jens Inc., No. 08-61470-CIV-COHN, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009). Moreover, it is Plaintiffs' burden to establish that each of the individuals it seeks to depose is a managing agent subject to deposition by notice. Id. ("[t]he party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined."); see also Calixto v. Watson Bowman Acme Corp., No. 07-60077-CIV, 2008 WL 4487679, at *2 (S.D. Fla. Sept. 29, 2008) (plaintiff "bears the burden of producing 'enough evidence to show that there is at least a close question whether the proposed deponent is the managing agent.'"). In Karakis, the court held plaintiffs failed to demonstrate the deponents, who were trustees, were managing agents and additionally declined to award sanctions as it was not clear

whether or not a subpoena was required for those witnesses.  Karakis, 2009 WL 113456 at *3; see also Faro Techs., Inc. v. Romer, Inc., Hexagon Metrology, Inc., No. 6:06-CV130RL19KRS, 2007 WL 496615, at *3 (M.D. Fla. Feb. 12, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. . . If a person does not qualify as an officer, director, or managing agent, he must be treated as a nonparty witness. If he is within the United States, the party seeking his testimony must subpoena him pursuant to Federal Rule of Civil Procedure 45.").

In one of the cases Plaintiffs cite in their Motion, Calixto, the court stated the "determination of whether a person is a managing agent, and therefore subject to a *Rule 30(b)(1) notice of deposition*, is not formulaic; rather, it is a fact-specific inquiry. To make such a determination, courts focus on whether the person had power regarding the matters at stake in the litigation and whether the person's interests are still aligned with the corporation." Calixto, 2008 WL 4487679 at *2 (emphasis added) (internal citations omitted).

Plaintiffs fail to meet their burden in establishing that Holly Wood, Heather Wood, and Kim are managing agents.  Plaintiffs' Motion merely states Holly Wood is a "night manager" of The Cheetah, and Kim is a "day manager" of The Cheetah.  (Dkt. No. 70-1, p. 8; 10 of 18.)  Plaintiffs do not specify Heather Wood's

title or capacity as a managing agent, other than to state, in a conclusory manner, that she is a managing agent.  Plaintiffs cannot establish that these individuals are managing agents because they act under close supervision or direction of "superior authority," they are not vested by The Cheetah with general powers to exercise judgment and discretion in dealing with corporate matters, and they were not involved in making the management decisions that resulted in the instant lawsuit. Thus, as non-parties, their attendance at the depositions required a subpoena, which Plaintiffs failed to obtain.

> **B.    The Entertainers' Attendance Required a Subpoena.**

The entertainers Plaintiffs sought to depose are likewise not managing agents of The Cheetah for similar reasons to those set forth above, and Plaintiffs do not attempt to argue otherwise.  In McMahon v. Presidential Airways, Inc., No. 6:05CV1002-ORL28JGC, 2006 WL 5359797, at *1 (M.D. Fla. Jan. 18, 2006) the court held that if four individuals plaintiffs wished to depose, whom plaintiffs argued were employees and defendants argued were independent contractors whom they did not "control," were not officers, directors, or managing agents of defendants, subpoenas were necessary.  For the same reasons as detailed above, the entertainers Plaintiffs sought to depose were non-parties and were not managing

agents of The Cheetah.  As such, Plaintiffs were required to subpoena the attendance of these non-parties for the depositions.

### C.    The Court's Order Did not Abrogate the Federal Rules of Civil Procedure.

Plaintiffs next attempt to argue that regardless of whether any of the individuals were directors, officers, or managing agents of The Cheetah, Plaintiffs' notices were sufficient to compel the individuals' attendance without subpoenas. Plaintiffs do not submit case law to support this argument, but instead argue Defendant's counsel held themselves out as representing each of the deponents at the hearing by opposing Plaintiffs' request to depose the deponents.  This argument is meritless.  Defendant's counsel's argument at the hearing that depositions were not necessary because the issues to be determined are straightforward was not tantamount to an affirmative representation that they serve as counsel for each of the individuals or that they were representing the interests of any individuals other than their client, The Cheetah.  As discussed in further detail above, this argument is entirely without merit and Defendant's counsel made no such representations at any time.

Second, Plaintiffs argument that the Court specifically granted leave for Plaintiffs to depose the deponents is likewise unavailing.  The Court did not order The Cheetah to make the individuals, some of whom had not even been identified

16

by Plaintiffs at the hearing, available without a subpoena.  Moreover, the Court at

no point abrogated the Federal Rules of Civil Procedure and in any way indicated

Plaintiffs could depose these individuals without securing their attendance through

a subpoena.  Plaintiffs are correct that the Court granted leave for a seven-hour

deposition period.  Plaintiffs could have taken advantage of such a deposition

period had they complied with the Federal Rules and subpoenaed the attendance of

the non-party witnesses they sought to depose.

The fact that Defendant submitted declarations from the non-party witnesses

does not mean that Defendant's counsel represented these individuals, controlled

them, or waived the requirement that Plaintiffs subpoena their attendance at a non-

party deposition.  There is no exception in the Federal Rules that provides a party

waives the requirement to subpoena the attendance of a non-party at a deposition

by "bringing them into the case" through submission of a declaration, and

Plaintiffs cite no authority in support of this argument.

### D. Sanctions are Not Appropriate Where Plaintiffs' Counsel Fails to Subpoena Non-Party Witnesses for a Deposition.

As discussed above, Plaintiffs were required to subpoena the attendance of

the non-party witnesses they sought to depose.  As such, sanctions are not

appropriate in this case because Plaintiffs failed to follow the Federal Rules of

Civil Procedure.  Likewise, this is not a situation in which Defendant failed to

17

comply with a Court order because the Court did not abrogate the Federal Rules of
Civil Procedure's requirement to subpoena the attendance of a non-party during the
hearing or in its Order regarding discovery.

Plaintiffs' counsel argues that by not sooner notifying them of their failure to
comply with the Federal Rules of Civil Procedure, Defendant's counsel
intentionally created a situation in which Plaintiffs could not have served
subpoenas and set depositions prior to the expiration of the discovery period.  As
discussed above, however, Defendant's counsel does not have an obligation to alert
Plaintiffs' counsel to their failure to comply with the Federal Rules.

Moreover, Defendant's counsel immediately sought discovery as soon as the
discovery period commenced.  Plaintiffs' counsel, on the other hand, waited a
month after the three-month discovery period began to serve discovery requests,
and waited *seventy-five days into the ninety-day discovery period* before
unilaterally noticing seven non-party depositions without conferring with
Defendant's counsel.  To argue that Plaintiffs' failure to timely seek to depose the
non-parties and their failure to subpoena their attendance at such depositions are
both Defendant's fault is disingenuous at best.  Had Plaintiffs noticed the
depositions prior to three days before the close of discovery in this matter, perhaps

they could have remedied their error and subpoenaed the attendance of the non-parties prior to the expiration of the discovery period.

After sending the deposition notices without conferring with Defendant's counsel or subpoenaing any of the non-party witnesses, Plaintiffs' counsel presumed the non-parties were being produced, without calling to confirm or inquire whether or not they were parties or managing agents of The Cheetah.[4]

As a professional courtesy, Defendant's counsel notified Plaintiffs' counsel on Friday, prior to the deposition, that to their knowledge, Plaintiffs' counsel had not subpoenaed the individuals they sought to depose.  Defendant's counsel specifically provided this advance notice so that Plaintiffs' counsel could cancel any court reporter or videographer he had scheduled and thereby avoid any unnecessary costs.

---

[4] Plaintiffs' counsel sent deposition notices to Defendant's counsel, without conferring with counsel regarding the date for the depositions or calling to ask if Defendant's counsel was willing, and able, to waive the subpoena requirement for the individuals Plaintiffs sought to depose.  At no point did Plaintiffs' counsel seek to depose the individuals at a mutually convenient time, and at no point did Defendant's counsel represent that any of the individuals would be present at the depositions Plaintiffs' counsel unilaterally noticed.  Plaintiffs' counsel did not engage in a dialogue with Defendant's counsel to coordinate the depositions or the individuals Plaintiffs sought to depose.

## IV.   <u>CONCLUSION</u>

The Cheetah requests that the Court deny Plaintiffs' Motion to Compel Depositions, and deny the additional relief requested by Plaintiffs, and proceed with the trial on the limited issue of the enforceability of the Arbitration Policy.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant certifies that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

Dated this 2nd day of June, 2016.

/s/ Frederick L. Warren
_____

Frederick L. Warren
Georgia Bar No. 738350
rwarren@fordharrison.com
Bennet D. Alsher
Georgia Bar No. 013682
balsher@fordharrison.com

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, Georgia  30363
Telephone: 404-888-3852
Facsimile:  404-832-8702

/s/ Edgar S. Mangiafico, Jr.
_____

Edgar S. Mangiafico, Jr.
Georgia Bar No. 468775
edgar@rbspg.com

RAGSDALE, BEALS, SEIGLER,
PATTERSON & GRAY
2400 International Tower
229 Peachtree Street
Atlanta, Georgia  30303
Telephone: 404-588-0500
Facsimile:  404-523-6714

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Alison Valente, Jennifer Barlow, Kathryn Monroe, Sophia Smith, Stephanie Lebeau on Behalf of themselves and all others Similiarly Situated,**<br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>**International Follies, Inc. d/b/a the Cheetah and William Hagood,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 1:15-cv-02477-ELR** |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 2, 2016, he electronically filed the foregoing **DEFENDANT INTERNATIONAL FOLLIES, INC. d/b/a THE CHEETAH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS, OR ALTERNATIVELY, TO EXCLUDE WITNESSES** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.


*/s/ Frederick L. Warren*

Frederick L. Warren
Georgia Bar No. 738350
rwarren@fordharrison.com

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, Georgia  30363
Telephone: (404) 888-3852
Facsimile:  (404) 832-8702

Attorney for Defendant

WSACTIVELLP:8450595.1