# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALISON VALENTE, JENNIFER BARLOW, KATHRYN MONROE, SOPHIA SMITH, STEPHANIE LEBEAU on behalf of themselves and all others similarly situated, | * * * * * * | |
| Plaintiffs, | * * | 1:15-CV-02477-ELR |
| v. | * * * | |
| INTERNATIONAL FOLLIES, INC. d/b/a THE CHEETAH and WILLIAM HAGOOD, | * * * * | |
| Defendants. | * | |

## ORDER

Plaintiffs have filed a motion to compel the depositions of John "Jack" Braglia, Holly Wood, Heather Wood, Sam Kim, Taria Netherton, Dionndra Palmer, and Lorrin Washington as noticed in Plaintiffs' Notice of Service of Deposition Notices (Doc. No. 69) (the "Deponents"). Defendants oppose the motion, contending that Plaintiffs were required to issue subpoenas for the Deponents.[1]

---

[1] Counsel has since agreed that Braglia's deposition will go forward.

The Court has reviewed the parties' briefing of the motion, and finds that the motion is due to be granted. On February 18, 2016, the Court held a conference to hear the parties' arguments regarding discovery, related to the limited trial on the issue of whether the parties entered into an agreement to arbitrate their claims. During the conference, Plaintiffs' counsel outlined that discovery, if allowed, would entail deposing the managers and managerial staff, along with possibly five entertainers (out of the 25 entertainers who submitted declarations) for approximately seven hours of total deposition time. Hr'g Tr. at 9-11. In an Order dated February 18, 2016, the Court granted discovery noting that "[d]iscovery will be discrete and limited, as outlined by counsel in their arguments to the Court." (Doc. No. 63 at 1). Thus, it was the Court's understanding that these depositions would occur and that Defendants were aware of Plaintiffs' plan for depositions.[2]

In sum, the depositions of the Deponents will move forward. The Court allows Plaintiffs forty-five (45) days in which to take the depositions of the Deponents and to serve any follow up discovery based on facts discovered during the depositions. The Court will also grant Plaintiffs their request for the costs and fees associated with the depositions that the Deponents failed to attend; specifically, the costs and fees for the court reporter and videographer, and the

---

[2] Moreover, Defendants' counsel waited until the Friday before the scheduled depositions on Monday to send a "professional courtesy" email to Plaintiffs' counsel stating that none of the Deponents would attend. Defs.' Response at 5. If Defendants had believed all along that the depositions were noticed in error and knew that the Deponents would not attend based on this argument, Defendants certainly could have been more "courteous" in notifying Plaintiffs sooner.

attorneys' fees incurred for bringing the motion to compel, but not any fees for attorney preparation time for the depositions because that time will be recouped when the depositions move forward.

The Court will issue a separate order scheduling a pretrial conference and trial.[3]

For good cause shown and the reasons stated herein, the Court **GRANTS** Plaintiffs' Motion to Compel (Doc. No. 70); **ORDERS** Defendants to produce the Deponents pursuant to the deposition notices filed on the docket at Doc. No. 69, within twenty-one (21) days of the date of entry of this order; and **ALLOWS** discovery for a total of forty-five (45) days from the date of entry of this order as set forth herein. The Court **DIRECTS** Plaintiffs and their counsel to submit their costs and fees as outlined above.

**SO ORDERED**, this 28th day of June, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[3] The parties have already filed their proposed pretrial order. (Doc. No. 72).