IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALISON VALENTE, JENNIFER BARLOW, KATHRYN MONROE, SOPHIA SMITH, STEPHANIE LEBEAU on behalf of themselves and all others similarly situated, | * * * * * * | |
| Plaintiffs, | * * | 1:15-CV-02477-ELR |
| v. | * * * | |
| INTERNATIONAL FOLLIES, INC. d/b/a THE CHEETAH and WILLIAM HAGOOD, | * * * * | |
| Defendants. | * | |

**ORDER**

On June 29, 2016, the Court granted Plaintiffs' Motion to Compel (Doc. No. 76). The Court also "grant[ed] Plaintiffs their request for the costs and fees associated with the [Motion to Compel]; specifically, the costs and fees for the court reporter and videographer, and the attorneys' fees incurred for bringing the motion to compel, but not any fees for attorney preparation time for the depositions because that time will be recouped when the depositions move forward." (Id.).

Per the Court's Order, Plaintiffs have submitted their fees and costs, which is now ready for the Court's review. (Doc. No. 78).

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court can award reasonable attorneys' fees to the prevailing party in a discovery dispute. Courts calculate an award of attorneys' fees using the lodestar method, which multiplies the number of hours reasonably expended by a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); see Sprint Nextel Corp. v. Ace Wholesale, Inc., No. 1:12-CV-02902-JEC-GGB, 2013 WL 12067461, at *1 (N.D. Ga. July 23, 2013) (using lodestar method to award fees on a motion to compel). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Martinez v. Hernando Cty. Sheriff's Office, 579 F. App'x 710, 713 (11th Cir. 2014). "The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable." Id. "Testimony that a given fee is reasonable is unsatisfactory because satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Id. "'Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . [and] must speak to rates actually billed and paid in similar lawsuits.'" Eason v. Bridgewater & Assocs., Inc., 108 F. Supp. 3d 1358, 1364 (N.D. Ga. 2015) (quoting Norman, 836 F.2d at 1299). "The court is itself an expert on the question

and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to the reasonableness of the fee request." <u>Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.</u>, 572 F. App'x 796, 802 (11th Cir. 2014).

Plaintiffs request $14,277.50 in attorney's fees. This sum is comprised of 27.1 hours of attorney work at a rate of $525 an hour. The work was completed solely by Plaintiffs' attorney, James McDonough, a Partner at Henninger Garrison Davis. Defendant International Follies, Inc. d/b/a The Cheetah does not oppose the number of hours claimed by Mr. McDonough but does contest his hourly rate. Defendant argues that the $525 hourly rate is unreasonable for counsel in this legal market, given that Mr. McDonough graduated from law school in 2007 and his law practice does not focus on labor and employment law, which is the subject of this case. In comparison, Defendant submits the affidavit of one of its counsel, Frederick L. Warren, who states that he and his partner assigned to this case have each practiced law for over 35 years, have specialized in labor and employment law, and are charging $410 in this matter. Mr. Warren further states that the $525 hourly rate charged by Mr. McDonough is above the market rate for attorneys handling employment litigation in federal court in Atlanta. Mr. Warren states that,

in his opinion, an hourly rate of $400 - $450 would be reasonable for purposes of awarding fees in this instance.

Mr. McDonough has not produced satisfactory evidence that his requested hourly rate is reasonable.  While satisfactory evidence is more than merely an affidavit by the attorney performing the work, Mr. McDonough has not even submitted an affidavit, much less evidence showing the rates actually billed and paid in similar lawsuits.  In light of this lack of evidence, the Court may rely upon its own expertise in setting the appropriate hourly rate. See Maner v. Linkan LLC, 602 F. App'x 489, 494 (11th Cir. 2015); Martinez, 579 F. App'x at 714.

After a review of this case and relying in part on Defendant's well-supported arguments and the undersigned's expertise, the Court finds that $410 is a reasonable hourly rate for Mr. McDonough for purposes of awarding fees on Plaintiffs' Motion to Compel.  The attorney's fees are thus calculated by multiplying $410 by 27.1 hours, for a total award of $11,111.00.

Plaintiffs also request $243.51 in costs for the court reporter and videographer for the unattended depositions. Defendant does not oppose these costs.  The Court finds these costs reasonable and awards them to Plaintiffs.

Accordingly, the Court **GRANTS** Plaintiffs' request for attorney's fees and costs (Doc. No. 78); **AWARDS** Plaintiffs' counsel $243.51 in costs and

4

$11,111.00 in fees; and **DIRECTS** Defendants to pay a total of $11,354.51 to Plaintiffs' counsel within thirty (30) days from the date of entry of this order.

**SO ORDERED**, this 29th day of August, 2016.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia