# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Alison Valente, Jennifer Barlow, Kathryn Monroe, Sophia Smith, Stephanie LeBeau on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>International Follies, Inc. d/b/a The Cheetah and William Hagood,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:15-CV-2477-ELR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION IN LIMINE FOR ORDER OF SANCTIONS IN THE FORM OF ENTRY OF AN IMMEDIATE JUDGMENT THAT PLAINTIFFS DID NOT AGREE TO ARBITRATE THEIR CLAIMS

COME NOW the Plaintiffs in the above captioned matter, through counsel, and move the Court for an Order *in limine* issuing sanctions in the form of a judgment that Plaintiffs did not agree to arbitrate their claims with The Cheetah. In the alternative, Plaintiffs' seek an order from the Court excluding The Cheetah's use at the October 13, 2016, arbitration trial of (1) each of the 30 declarations submitted with International Follies, Inc's Motion to Compel Arbitration (Dkt. No. 21) and (2) each of the 28 witnesses providing those declarations.

As detailed in Plaintiffs' Brief in Support, filed contemporaneously herewith, the testimony elicited at the July 21, 2016, depositions of Ms. Netherton, Ms. Palmer, Ms. Wood, Mr. Braglia, and Ms. Kim makes it abundantly clear that The Cheetah is not acting in good faith in this litigation. Ms. Netherton admitted to knowingly filing a false declaration and indicated that The Cheetah was aware of this prior to its execution and filing in this case. She also claimed several times that a document titled "Arbitration Agreement," not "Entertainer Arbitration Policy," was on the wall when she began work in July of 2013, which contradicts her sworn declaration. Ms. Palmer, on the other hand, did not even know what "arbitration" or an "arbitrator" was, never read the declaration filed with the Court, and stated she had for the first time seen the Arbitration Policy the day before her deposition. These are only the two exemplary entertainers Plaintiffs had the opportunity to depose.

The testimony from the managers raised issues that are equally serious. Ms. Wood and Mr. Braglia both claimed that they were represented by The Cheetah counsel as early as July of 2015, when those attorneys worked with Ms. Wood and Mr. Braglia to draft their declarations. The Cheetah told the Court something very different in its Opposition to Plaintiffs' Motion to Compel, where it claimed they did not represent any of the witnesses noticed for a deposition by Plaintiffs.

Moreover, Ms. Wood testified that The Cheetah told her to "keep the week of the 11th through the 15th [of 2016] open." This contradicts what The Cheetah told this Court when it stated that The Cheetah's counsel did not represent these individuals control them such that they could make them appear at the noticed but unattended May 16, 2016 depositions. Finally, Ms. Wood did not actually recall handing the Arbitration Policy to, or witnessing receipt of the Arbitration Policy by, any particular entertainers, including Plaintiffs Smith, Monroe, and Valente. Although Ms. Wood's declaration does not explicitly say that she handed the Arbitration Policy to Plaintiffs Smith, Monroe, and Valente, Ms. Wood, it certainly strongly insinuates this in the language she used.

While the actual testimony provided by Ms. Kim in the deposition is not concerning, an objection made by The Cheetah's counsel during that deposition is troubling. In The Opposition to the Motion to Compel Depositions, The Cheetah claimed Holly Wood, Heather Wood, and Kim are not officers, directors, or managing agents of The Cheetah. But in the deposition, The Cheetah's counsel instructed Ms. Kim not to answer a question on the basis of attorney client privilege because he claimed that Ms. Kim was a "member of management" and "agent whose actions" bind The Cheetah. For these reasons, and those outlined in more detail in Plaintiffs' Brief in Support, this Motion should be granted.

DATED: September 14, 2016.

/s/ *James F. McDonough, III*
JAMES F. MCDONOUGH, III
GA Bar No.: 117088
   jmcdonough@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Tel: 404-996-0869
Fax: 205-326-3332

W. LEWIS GARRISON, JR.,
GA Bar No.: 286815
   lewis@hgdlawfirm.com
CHRISTOPHER HOOD,
   *PHV forthcoming*
   chood@hgdlawfirm.com
TAYLOR C. BARTLETT,
   *PHV forthcoming*
   taylor@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Tel: 205-326-3336
Fax: 205-326-3332

*Attorney for Named Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing has been prepared using Times New Roman 14 point font and is double-spaced.

DATED:  September 14, 2016.

/s/ James F. McDonough, III.
JAMES F. MCDONOUGH, III.
GA Bar No.:  117088
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Tel: 404-996-0869
Fax: 205-326-3332

*Attorney for Named Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record for Defendants.

DATED:  September 14, 2016.

       /s/ James F. McDonough, III.
JAMES F. MCDONOUGH, III.
GA Bar No.:  117088
    jmcdonough@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Tel: 404-996-0869
Fax: 205-326-3332

*Attorneys for Named Plaintiffs*